UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LESTER CANADA,

Plaintiff,

v.

ISIDRO BACA, *et al.*,

Defendants.

Case No. 3:16-cv-00601-MMD-WGC

ORDER

## I. SUMMARY

Lester Canada, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), asserts two counts arising from two other inmates' assault of him while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 3 at 1.) Before the Court is United States Magistrate Judge William G. Cobb's Report and Recommendation ("R&R") relating to Defendants' motion for summary judgment ("Motion") (ECF No. 25). (ECF No. 36.) Judge Cobb recommended granting summary judgment as to Count II and as to Count I to the extent Plaintiff seeks to assert a claim for damages against Defendants Howell and Beitler in their official capacities, and recommended denying summary judgment as to Count I against Beitler and Howell. (*Id.*) Defendants filed a partial objection ("Objection") to challenge Judge Cobb's recommendation to deny summary judgment as to Count I.[1] (ECF No. 38.) Plaintiff did not file an objection. The Court agrees with the R&R and overrules Defendants' Objection.

## II. RELEVANT BACKGROUND

After screening the First Amended Complaint ("FAC"), the Court permitted Plaintiff to proceed on two counts. (ECF No. 5.) These counts arise from an incident that occurred

---

[1]The Court granted Plaintiff's request for extension of time until February 13, 2019 to respond to the Objection. (ECF No. 41.) Plaintiff failed to respond.

on February 13, 2016, when Plaintiff was assaulted by two inmates in his unit with a broken broomstick. (ECF No. 3 at 5).

As pertinent to the count that is the subject of the Objection—Count I—the FAC makes the following allegations. Plaintiff, who was 58 years old at the time, is housed in unit 10B, an open-bay dorm with a maximum capacity of 120 adults, but which on the day of the assault held more than 130 adults. (*Id.* at 6). Two inmates in 10B threatened to rob older inmates if they were not moved to a less crowded unit, because they did not feel safe in the crowded conditions in 10B. (*Id.* at 6.) The inmates were not moved. (*Id.* at 6.)

Officers Beitler and Howell were the only officers assigned to protect the inmates in Plaintiff's unit. (*Id.* at 4.) Beitler's job description required him to stay in his assigned unit, 10B, in order to protect inmates. (*Id.* at 11.) Howell knew that inmates were regularly assaulting and robbing elderly Black inmates, and had laughed about it when speaking to a White inmate in unit 10A.[2] (*Id.* at 12.) At the time of the assault, Beitler and Howell left their assigned units, 10B and 10A, in order to talk to each other outside, leaving Plaintiff and the other inmates in those units unprotected. (*Id.* at 4, 11.) The two inmates in 10B who made the threats of assault did assault Plaintiff. (*Id.* at 6.) As a result, Plaintiff suffered a concussion, broken nose, and laceration of his head and face, causing him blinding pain and partial paralysis along the left side of his neck and arm. (*Id.* at 5.)

### III. LEGAL STANDARDS

#### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however,

---

[2] In his opposition to Defendants' Motion, Plaintiff asserts that both Defendants' job descriptions require them to stay in their assigned unit 10B, and both knew that other inmates were regularly assaulting elderly Black inmates. (ECF No. 33 at 5-6, 8.) As discussed below, Defendants dispute these allegations and contend that Plaintiff has not offered admissible evidence to show either Howell or Beitler knew of the potential threat of harm to Plaintiff.

2

the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Defendants objected to Judge Cobb's recommendation only with respect to the denial of summary judgment on Count I. The Court will therefore conduct a *de novo* review of Judge Cobb's recommendation with respect to this Count. The Court also adopts the other parts of the R&R, recommending that the Court grant summary judgment in part, because the parties did not object.

**B.** **Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.     DISCUSSION**

Defendants argue that Judge Cobb should have recommended granting summary judgment on Count I because Defendants Beitler and Howell were not aware of the substantial risk of harm to Plaintiff and they are entitled to qualify immunity. (ECF No. 38 at 3-6.) Defendants particularly object to Judge Cobb's finding of a genuine issue of material fact as to Beitler and Howell's personal knowledge of such risk of harm based on two exhibits attached to Plaintiff's opposition to Defendants' Motion—Exhibits A and B

("the Exhibits")—which Defendants insist contain inadmissible hearsay.[3] (*Id.* at 5.) This argument goes to the subjective element of Plaintiff's claim.

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *See id.* at 834. "'Deliberate indifference' has both subjective and objective components." *Labatad v. Corrections Corp. of America,* 714 F.3d 1155, 2260 (9th Cir. 2013). The subjective prong requires a plaintiff to demonstrate that the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad,* 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

In Plaintiff's opposition to Defendants' Motion, Plaintiff relies on two arguments to support the subjective prong. First, he asserts that "Defendants Howell and Beitler abandoned their posts as the only officers assigned to protect prisoners. Both Defendants knew that elderly black inmates were being assaulted and robbed because they laughed about it with a white inmate." (ECF No. 33 at 8.) Moreover, he insists that a few days before the assault, he "informed [them] verbally and in writing that he was being threatened with physical violence if he didn't get moved off the unit." (*Id.* at 8-9.) He offered his declaration and a copy of the two inmate requests that he claimed to have sent to the attention of Howell and Beitler—the Exhibits. (ECF No. 33 at 19-20, 27-28.) Defendants counter that the Exhibits are inadmissible hearsay and Judge Cobb erred in

---

[3]The Exhibits contain a copy of an inmate request form dated February 9, 2016 that Plaintiff claims to have addressed to Howell (ECF No. 33 at 27) and Beitler (*id.* at 28).

5

finding that they are statements made by them—and offered against them—and are thus not hearsay under Fed. R. Evid. 801(d)(2). (ECF No. 34 at 7; ECF No. 38 at 4-5.)

The Court agrees with Defendants that these the Exhibits are Plaintiff's statements to Howell and Beitler, not their statements, and therefore cannot qualify as a party admission. However, the Court finds the Exhibits are not hearsay under Fed. R. Evid. 801(c) because Plaintiff is offering them not for the truth of the matter asserted. Plaintiff offers the Exhibits to show that he had given notice to Howell and Beitler that he believed he had been threatened and feared for his safety. Thus, construing Plaintiff's evidence—his declaration and the Exhibits—in the light most favorable to Plaintiff, a reasonable jury could find that Defendants were aware of the risk of harm to Plaintiff, and they unreasonably exposed Plaintiff to such risk by leaving their posts guarding an overcrowded unit and allowed the assault to occur.

Defendants' Objection raises other arguments that go to the weight of the evidence. For example, Defendants argue that Plaintiff did not reference that he sent any requests to Howell and Beitler until he filed the opposition to Defendants' Motion, and Plaintiff did not offer any evidence as to how he knew that these Defendants laughed about elderly Black inmates being attacked. But as Defendants readily acknowledge, it is not the Court's role to weight the evidence at summary judgment.

In sum, the Court agrees with Judge Cobb's ultimate finding that the Exhibits are not hearsay statements and Plaintiff has demonstrated a genuine issue of material fact to deny Defendants' Motion based on the subjective prong of Count I. This disputed issue of fact also precludes summary judgment for Defendants based on qualified immunity. Defendants argue that "the law is not clearly established that a correctional officer can knowingly disregard a risk that was not even known to the plaintiff or anyone else." (ECF No. 38 at 6.) But this argument ignores the disputed evidence discussed above—Defendants were aware of assault against elderly Black inmates and Plaintiff made Defendants aware of the risk of harm to himself in particular. Thus, Defendants' framing of the question is flawed in their assumption that the risk was not known to anyone.

## V. CONCLUSION

It is therefore ordered that the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 36) is adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 25) is granted in part, and denied in part. It is granted with respect to Plaintiff's Eighth Amendment deliberate indifference to medical needs claim against Defendants Baca, Aranas and Shreckengost in Count II, and to the extent Plaintiff seeks to proceed with a claim for damages against Defendants Howell and Beitler in their official capacities in Count I. It is otherwise denied with respect to Count I against Howell and Beitler.

DATED THIS 8th day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE